# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **TOMS VARKEY and ANNIE JOSHUA** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **Case No. 4:11CV586** |
| | § | |
| **CLARK ROAD TRANSPORT, INC.,** | § | |
| **MOLDED FIBER GLASS COMPANIES,** | § | |
| **L.P. and GREGORY BONHOMME** | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Molded Fiber Glass Companies, L.P.'s Motion for Summary Judgment (Dkt. 34). As set forth below, the Court finds that the motion should be GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Toms Varkey and Annie Joshua brought this suit against Defendants Clarke Road Transport, Inc., Molded Fiber Glass Companies, L.P. and Gregory Bonhomme for alleged personal injuries from an automobile accident occurring on or about July 24, 2010. Plaintiffs claim that their injuries resulted from an accident involving a tractor-trailer-rig driven by Defendant Gregory Bonhomme and owned and operated by Defendant Clarke Road Transport, Inc. According to Plaintiffs, Bonhomme operated the tractor-trailer-rig with an oversized loaded wind turbine on it through a work or construction zone at an unsafe speed and manner. According to Plaintiffs, the

trailer struck a road barrier, causing the road barrier to become dislodged and move into the oncoming lane of traffic and strike the vehicle in which they were passengers.

As to Defendant Molded Fiber Glass Companies, L.P. specifically, Plaintiffs claim that it improperly loaded the oversized turbine onto the trailer shortly before the accident and that the tractor-trailer-rig and oversized load were not properly inspected before the tractor-trailer-rig and oversized load departed Defendant Molded Fiber Glass Companies, L.P.'s Gainesville, Texas plant, or at any point before the wreck in question.

Defendant Molded Fiber Glass Companies, L.P.  has filed a motion for summary judgment as to the claims against it.  Defendants Clarke Road Transport, Inc., and  Gregory Bonhomme have not filed any dispositive motions and the claims against them remain.[1]

## STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999).  The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

---

[1]The deadline to file dispositive motions in this matter was September 1, 2012.  *See* Dkt. 38.

2

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001).   In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986).   The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).   The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14).   Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655.   The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact.   E.D. Tex. Local R. CV-56(d).   Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

3

## ANALYSIS

In its motion for summary judgment, Defendant Molder Fiber Glass seeks summary judgment as to Plaintiff's negligence claims against it.  Specifically, Defendant has argued that there is no summary judgment evidence that would show that it breached any duty owed tp Plaintiffs. Defendant further argues that there is no evidence that would show that it, through actions or inactions, contributed to a proximate cause of the accident.

The Court notes that, although Defendant does not have the ultimate burden on summary judgment, in support of its motion, Defendant submits the following summary judgment evidence: **Exhibit 1:** Plaintiffs' liability expert report prepared by Whitney G. Morgan; **Exhibit 2:** Molded Fiber Glass' liability expert report prepared by Davis A. Stopper; **Exhibit 3:** Excerpts of the oral deposition transcript of Defendant Gregory P. Bonhomme (driver of the tractor-trailer rig involved in the accident with Plaintiffs); **Exhibit 4:** Excerpts of the oral deposition transcript of John Cotterill, Director of Safety for Clarke Road; and **Exhibit 5:** Excerpts of the oral deposition transcript of Steve Warren Carlson, the driver of the vehicle operating behind the accident.  *See* Dkts. 34-1 – 34-5.

Defendant's motion was filed on July 17, 2012.  No response was timely filed.

On October 11, 2012 – almost three months after the motion was filed –  the Court entered an order stating that if no summary judgment response was filed by October 17, 2012, the Court would assume that Plaintiffs did not oppose the relief requested by Defendant.  *See* Dkt. 48. Plaintiffs did not timely file any summary judgment response on October 17, and, to date, Plaintiffs have made no motions to the Court attempting to show good cause for their failure to respond, nor have they filed any summary judgment evidence whatsoever in this matter.

4

The Court has reviewed the motion and finds that it is well founded.  Indeed, Plaintiffs have not objected to or otherwise controverted any of Defendant's summary judgment arguments or exhibits.  The Court will not – and indeed is not required to – scour the record in this matter to determine whether Plaintiffs could create a genuine issue of material facts as to his claims.  The non-movant's burden in summary judgment proceedings is clear.  *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655.  The Court's time and resources are limited, and the Court will not do Plaintiffs' work for them.  Plaintiffs have had more than three months to prepare a response to submit evidence to create a genuine issue of material fact as to their claims against Defendant Molded Fiber Glass Companies, L.P., and they have not done so.  In accordance with Local Rule CV-7(d), the Court thus assumes that Plaintiffs' failure to respond to the motion for summary judgment indicates they are not opposed to it and that, having been granted additional time to respond, they concede that there is no genuine issue of material fact as to at least one of the elements of their claims against Defendant Molded Fiber Glass Companies, L.P.

### RECOMMENDATION

Without any summary judgment evidence to support their claims against Defendant, Plaintiffs have not sustained their summary judgment burden.  Therefore, Defendant Molded Fiber Glass Companies, L.P.'s Motion for Summary Judgment (Dkt. 34) should be GRANTED and Plaintiffs shall take nothing by their claims against Defendant Molded Fiber Glass Companies, L.P. Plaintiffs' claims against Defendants Clarke Road Transport, Inc., and  Gregory Bonhomme should remain at this time.

5

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 6th day of November, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

6